UNITED STATES of America,
Plaintiff–Appellee

v.

Hugo HERNANDEZ, also known as
Hugo, Defendant–Appellant.

No. 13–40876
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 13, 2014.

Ernest Gonzalez, Assistant U.S. Attorney, U.S. Attorney's Office, Plano, TX, for Plaintiff–Appellee.

Micah Belden, Esq., Sherman, TX, for Defendant–Appellant.

Before DAVIS, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Hugo Hernandez appeals from the 188–month sentence imposed following his conviction of conspiring to possess with intent to distribute 100 grams or more of heroin. He argues only that the sentence imposed is substantively unreasonable because it is greater than necessary to satisfy the purposes of sentencing.

We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Since Hernandez's sentence falls within the applicable guidelines range, we afford it a presumption of reasonableness. *See United States v. Campos–Maldonado,* 531 F.3d 337, 338 (5th Cir.2008).

We decline Hernandez's invitation to reweigh the 18 U.S.C. § 3553(a) factors because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *Id.* at 339. The fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall,* 552 U.S. at 51, 128 S.Ct. 586. Hernandez fails to rebut the presumption that his sentence is substantively reasonable. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir.2009).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.